## TAYLOR, Respondent, v. BADER, etc., Appellant.

### St. Louis Court of Appeals, February 27, 1906.

1. **ADMINISTRATION: Final Settlement: Appeal.** Where an administrator having resigned filed a settlement designated as an "annual settlement" upon the order of the probate court, and was thereupon ordered to turn over to his successor in office all the assets of the estate in his hands, the settlement was a final one and an appeal would lie from an order of the probate court approving the same.

2. ——: **Exceptions to Final Settlement: Creditor.** Under sections 268 et seq., Revised Statutes 1899, a creditor of the estate of one deceased may file exceptions to the final settlement of the administrator of the estate.

3. ——: ——: **Pleading.** Where exceptions filed by the creditor of an estate showed the amount due on his claim, and the records of the court showed all the facts necessary to establish waste and insufficiency of the assets to meet the demands, it was not necessary in such exceptions to formally plead such facts.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Sam J. Corbett* for appellant.

(1) There must be a final settlement made of an estate, before a creditor can maintain an action suggesting *devastavit* of an estate, and the record in this case shows that none had been made in the J. C. Taylor estate. Sections 268, 273, R. S. 1899; Ridgway v. Kerfoot, Admr. of Gordon, 22 Mo. App. 661. (2) There being an administrator *de bonis non* of the J. C. Taylor estate at the time of the filing of the exceptions to the settlement in issue, he was the only proper party to institute the action. State ex rel. v. Heinrichs, 82 Mo. 542. (3) The

administrator *de bonis non,* and not the creditors, is the proper party to pursue the estate in the hands of his predecessor. Kerrin v. Roberson, 49 Mo. 252. (4) And the administrator *de bonis non* is the only person who can sue for the assets of the estate, and the creditors cannot sue. State ex rel. v. Dulle, 45 Mo. 269; State to use v. Fulton, 35 Mo. 323. (5) The administrator *de bonis non,* the record disclosing that there was one at the time the exceptions were filed by the plaintiff to the settlement in issue, was the only party who could sue for the assets of the J. C. Taylor estate, and the creditors, of whom the plaintiff was one, had no right to sue. Green v. Tittman, 124 Mo. 377, 27 S. W. 391. (6) The petition fails to state a cause of action in this, that it does not state, that "there are not sufficient assets to pay all the demands against the estate." Sec. 268, R. S. 1899.

*Breuer & Collins* for respondent.

BLAND, P. J.—Defendant was public administrator of Pemiscot county, and as such, had charge of the estate of J. C. Taylor, deceased. On April 30, 1903, defendant resigned his office as public administrator and J. D. Huffman was appointed his successor in office and succeeded him as administrator of the estate of Taylor. On the same day the probate court ordered the defendant to account for the assets in his hands as administrator of Taylor's estate. In compliance with this order, the defendant, on May 15, 1903, appeared in the probate court and filed, what is headed, his fourth annual settlement of Taylor's estate. Plaintiff, alleging that he was a creditor of the estate, filed exceptions to defendant's settlement. The probate court heard the exceptions and disallowed them and approved the defendant's settlement as filed and ordered him to turn over the balance as shown by the settlement to Huffman, his successor. Plaintiff appealed from the judgment of the

probate court to the circuit court, where, on a trial anew the court found the issues in favor of the plaintiff. Motions for new trial and in arrest were filed by the defendant, which were by the court overruled and defendant appealed.

1. In the circuit court, the defendant contended that the settlement was an annual and not a final one and for this reason an appeal from the order of the probate court approving the settlement did not lie. The same contention is made here. The settlement was made in pursuance of an order of the probate court on the defendant to account for all of the assets remaining in his hands belonging to the estate of Taylor. On the approval of the settlement, the probate court ordered the defendant to turn over the assets of the estate found in his hands to Huffman, his successor. Nothing therefore remained for the defendant to do to entitle him to his acquittance and final discharge as administrator of Taylor's estate, but to produce to the probate court Huffman's receipt for the balance shown to be due the estate on the final settlement, and we think the settlement, though styled the "fourth annual settlement," was in fact a final settlement, from which an appeal to the circuit court could be taken.

2. On the trial in the circuit court, the defendant made the point that plaintiff had no legal capacity to file exceptions to the settlement or to contest its correctness; that Huffman as administrator *de bonis non* of Taylor's estate, was the only party who had legal capacity to file objections to the settlement. The same point is renewed here. Section 268, chapter 1, Revised Code of 1899, provides that any creditor of an estate, if there be insufficient assets to pay all the demands against the estate, may at any time before the end of the succeeding term of the court at which a final settlement shall have been made, suggest that the executor or administrator has not made a just account and ask for an inquiry of the same. Succeeding sections of the same chapter pro-

vide for making up the issues and prescribe the manner
in which the inquiry shall be made. Section 271 of the
same chapter, provides that if waste be found, the judg-
ment shall go against the administrator for the amount
of the waste, to be paid out of his own proper estate and
the money collected shall be applied to the payment of
the demand due the complaining creditor, and the res-
idue, if any, shall be apportioned among the creditors.
Under the provisions of these sections, there can be no
doubt that the plaintiff had the right as a creditor of
the estate, to file exceptions to the defendant's settle-
ment and of course, to appear in court and be heard on
his exceptions and to appeal from the judgment of the
probate court if aggrieved thereby.

3. The defendant's third point is that the petition
fails to state a cause of action in that it does not allege
that the assets of the estate are insufficient to pay all of
the debts of the estate. No formal pleadings are re-
quired in the probate court. The suggestion filed by
plaintiff states that he had allowed against the estate a
demand for $722; that $288 had been paid on the de-
mand, leaving a balance due of $534. Defendant's final
settlement shows a balance of only $60.50 due from him
to the estate. The suggestion of waste, the list of de-
mands allowed against the estate, and the defendant's
settlement showing the small amount of assets remain-
ing, were all in the possession of the probate court and
from them the court could see that the assets were inad-
equate to meet the demands allowed against the estate.
The court was therefore in possession of all the facts
necessary to authorize it to proceed and hear the excep-
tions to the settlement.

4. We decline to review the evidence pro and con
on the exceptions to the settlement for the purpose of
ascertaining whether or not the finding of the court is
supported by sufficient evidence, for the reason that no
part of this evidence is set out in the abstract filed by
appellant. Rule fifteen of this court requires appellant

to make and file with the court a full and concise state-
ment of the pleadings and the facts shown by the record.
When this is not done, the appellate court will refuse to
look into the evidence.

Discovering no reversible error in the record, the
judgment is affiremed. *Goode* and *Nortoni, JJ.,* concur.